ELECTIONS
Voting devices which cannot generate results at the precinct level are not lawful in Oklahoma in light of the provisions of 26 O.S. 7-132 [26-7-132] (1977), and the State Election Board was well within its authority under 26 O.S. 9-102 [26-9-102] (1977), to adopt Point No. 15 of the specifications for voting machines adopted October 7, 1977, to the effect that a voting system must be capable of providing multiple copies of the complete results of the election for a precinct prior to the transfer of any material or equipment from or to the polling place location. The Attorney General has considered your request for an opinion wherein you ask the following question: "Are voting devices which cannot generate results at the precinct level, and thus for which the posting requirement contained in 26 O.S. 7-132 [26-7-132] cannot be fulfilled, lawful in Oklahoma, and, if so, can the State Election Board nevertheless require Point No. 15 in its specifications?" As noted in your letter requesting an opinion, on October 7, 1977, the State Election Board, in compliance with 26 O.S. 9-102 [26-9-102] (1977), approved specifications for voting machines for the State of Oklahoma, Point No. 15 of which provides: "After the polls close in each precinct the system must be capable of providing multiple copies of the complete results of the election for that precinct prior to the transfer of any materials or equipment from or to the polling place location." The central issue to be determined is whether or not a "central counting" system is permissible under Oklahoma Statutes, thus rendering Point No. 15 invalid. Title 26 O.S. 9-110 [26-9-110] (1977), provides: "The Secretary of the State Election Board shall prescribe procedures to be used in counties having voting machines to conform as nearly as practicable with the general laws for conduct of elections and certification of results in conformity with the voting system being used." Title 26 O.S. 9-119 [26-9-119] (1977), provides in pertinent part: "Any county election board, with and after the approval of the State Election Board, may provide for the use of voting devices which do not otherwise conform to the requirements of this article except by virtue of this section. Such devices and the procedure for the use of such devices shall provide essentially the same protection for the purity of the ballot and against election fraud as do voting devices which meet the requirements of this article. . . ." Title 26 O.S. 7-132 [26-7-132] (1977), provides: "At the conclusion of the official count, the counter shall execute certificates of vote wherein said counters attest to the correctness of the totals. The inspector shall cause one copy of each certificate to be posted on the door or entrance of the polling place and shall cause one copy of each certificate to be transmitted forthwith to the Secretary of the State Election Board." It should be noted that in the 1977 legislative session, legislation was proposed to legalize centralized counting of ballots. The legislation, though still pending, was not approved. When all of the above sections are read together, it is clear that it is within the authority of the State Election Board under 26 O.S. 9- [26-9-] 102 (1977), to promulgate Point No. 15 of the specifications for voting machines as above set out. A voting device which cannot generate results at the precinct level would not be capable of meeting the posting requirement contained in 26 O.S. 7-132 [26-7-132] (1977), and the subject matter would, therefore, be an appropriate matter to be treated in a rule or specification promulgated by the State Election Board. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner. Voting devices which cannot generate results at the precinct level are not lawful in Oklahoma in light of the provisions of 26 O.S. 7-132 [26-7-132] (1977), and the State Election Board was well within its authority under 26 O.S. 9-102 [26-9-102] (1977), to adopt Point No. 15 of the specifications for voting machines adopted October 7, 1977, to the effect that a voting system must be capable of providing multiple copies of the complete results of the election for a precinct prior to the transfer of any materials or equipment from or to the polling place location. (MICHAEL CAUTHRON)